strued as an acceptance of the lease in writing as required by law.

We are of the opinion that under the lease and pleadings appellee was not bound to insure the property in question for the appellants; that it did not insure it for the use of appellants; that it had a right to insure for its own use and benefit and that appellants were not under the law entitled to the fund received by the appellee.

We are of the opinion that the court did not err in directing a verdict for the appellee and the judgment of the lower court is affirmed.

*Judgment affirmed.*

---

## Barney Childers, Appellee, v. Chicago, Wilmington & Franklin Coal Company, Appellant.

### (Not to be reported in full.)

Appeal from the Circuit Court of Franklin county; the Hon. JULIUS C. KERN, Judge, presiding. Heard in this court at the October term, 1917. Reversed and remanded. Opinion filed April 5, 1918.

### Statement of the Case.

Action by Barney Childers, plaintiff, against Chicago, Wilmington & Franklin Coal Company, a corporation, defendant, to recover for personal injuries received while employed in defendant's mine. From a judgment for plaintiff for $475, defendant appeals.

MASTIN & SHERLOCK and ROBERT E. HICKMAN, for appellant; C. B. CHAPMAN, of counsel.

MOSES PULVERMAN and HARMON & MITCHELL, for appellee.

MR. JUSTICE McBRIDE delivered the opinion of the court.

## Abstract of the Decision.

1. MASTER AND SERVANT, § 598*—*when burden of proof not shifted on master in action for personal injuries.* In an action by an employee to recover for personal injuries, the mere proof of the accident or injury does not place upon the master the burden of showing that the injury did not result from his negligence.

2. MASTER AND SERVANT, § 126*—*what degree of care required of master as to furnishing safe place to work.* The master does not insure that the place where he sets his men to work shall be absolutely safe, but is merely required to exercise reasonable care to see that it is reasonably safe.

3. MINES AND MINERALS, § 176*—*when not shown that place of working in mine was dangerous.* In an action by a mine employee to recover for personal injuries, plaintiff *held* not only not to have shown that a dangerous condition existed as to the place of working before the accident, but also to have shown that no such condition did exist.

4. MINES AND MINERALS, § 176*—*when evidence is insufficient to support verdict for mine employee for injuries.* In an action to recover for personal injuries to an employee by the fall of coal from a mine roof, evidence *held* insufficient to support a verdict for plaintiff.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.
Vol. CCXI 6